[810 NYS2d 666]

In the Matter of Eric R. Kellerman (Admitted as Eric Robert Kellerman), an Attorney, Resignor.

Second Department, March 14, 2006

---

#### APPEARANCES OF COUNSEL

*Richard B. Herman, LLC*, New York City, for resignor.

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

#### OPINION OF THE COURT

Per Curiam.

Eric R. Kellerman has submitted an affidavit dated August 2,

2005, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Kellerman was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 5, 1994, under the name Eric Robert Kellerman.

Mr. Kellerman avers that he is making his resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, including being barred by Judiciary Law § 90 and the rules of the Second Department from seeking reinstatement for at least seven years. He is aware that he is the subject of a pending investigation into allegations of professional misconduct, including a sua sponte complaint, initiated pursuant to 22 NYCRR part 1300 based upon a dishonored check notice issued with respect to his attorney trust account. Mr. Kellerman is further aware that he is currently the subject of additional investigations regarding complaints which allege, inter alia, that he failed to pay funds which he held in escrow in connection with various real estate transactions.

Mr. Kellerman acknowledges his inability to successfully defend himself on the merits against charges predicated upon those allegations. He is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Kellerman is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee notes that Mr. Kellerman has reviewed his resignation with his attorney, Richard B. Herman, and urges its acceptance as the most expedient way to conclude this matter.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and effective immediately, Eric R. Kellerman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. .

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Eric R. Kellerman, admitted as Eric Robert Kellerman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

8

Ordered that Eric R. Kellerman, admitted as Eric Robert Kellerman, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Eric R. Kellerman, admitted as Eric Robert Kellerman, is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Eric R. Kellerman, admitted as Eric Robert Kellerman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).